UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | Bankruptcy No. 1:08-bk-04081 |
| Brad A. Lemmert, | : | |
| Debtor | : | Chapter 13 |
| Brad A. Lemmert, | : | Adversary No. |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| Bayview Loan Servicing, LLC | : | |
| 4425 Ponce De Leon Blvd., 5th Floor | : | |
| Coral Gables, FL 33146 | : | |
| Defendant | : | |

**COMPLAINT TO DETERMINE
SECURED STATUS UNDER 11 U.S.C. SECTION 506**

AND NOW, comes the Plaintiff/Debtor Brad A. Lemmert by and through his attorneys, James M. McClure, Esquire, of the firm BMZ Law, and pursuant to 11 U.S.C. Section 506 and F.R.B.P. Rules 3012 and 7001 and respectfully files the following Complaint to Determine the Secured Status of Defendant, Bayview Loan Servicing, LLC:

1. Debtor, Brad A. Lemmert, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on October 31, 2008.

2. On Schedule A of his voluntary petition, Lemmert included the value of the residential real estate he owns at 332-334 Moore Street, Huntingdon, Pennsylvania at $150,000. This value was based on an arms-length purchase for value made August 22, 2007.

3. On Schedule D of his petition, Lemmert lists two secured claims against the real estate, to wit, the first mortgage lien in favor of M&T Bank in the amount of $188,162.31, a second mortgage in favor of M&T Bank in the amount of $45,398.99. M&T Bank was listed as the creditor as all prior payments were made to and payoff information relating to this mortgage was received from this lender who was apparently servicing these loans.

4. Based upon the aforesaid, the Plaintiff reasonably believes that all of the equity he has in the aforesaid real estate is subsumed by the first mortgage and the second mortgage does not attach as a lien to the real estate and is wholly unsecured.

5. On January 22, 2009, Defendant Bayview Loan Servicing, LLC filed a proof of claim asserting a first mortgage interest in the subject property in the amount of $109,727.08.

6. On January 30, 2009, Defendant Bayview Loan Servicing, LLC filed a proof of claim asserting a 2nd mortgage interest in the subject property in the amount of $26,357.04.

7. Attached to Bayview's Proof of Claim relating to the first mortgage, and made a part of this Complaint by reference, are the following:

    A: An Assignment of Mortgage between Silver Hill Financial, LLC and Bayview recorded in the records of Huntingdon County, Pennsylvania at Record Book 894 Page 364.

    B: An Open-End Mortgage & Security Agreement recorded in the records of Huntingdon County, Pennsylvania at Record Book 869 Page 898.

    C: An Adjustable Rate Promissory Note dated August 22, 2007.

8. Attached to Bayview's Proof of Claim relating to the second mortgage, and made a part of this Complaint by reference, are the following:

    A: An Assignment of Mortgage between Silver Hill Financial, LLC and Bayview recorded in the records of Huntingdon County, Pennsylvania at Record Book 894 Page 366.

    B: A Mortgage & Security Agreement recorded in the records of Huntingdon County, Pennsylvania at Record Book 869 Page 0942.

    C: An Adjustable Rate Promissory Note dated August 22, 2007

9. As set forth in the attachments to Bayview's Proof of Claim, the subject mortgages were entered between debtor and the original lender, Silver Hill Financial, LLC, with the first mortgage being recorded on October 11, 2007 to Huntingdon County, Pennsylvania Record Book 869, Page 898 and the second mortgage being recorded to Record Book 869, Page 942.

10. Silver Hill Financial, LLC assigned the subject mortgages to Bayview by Assignment(s) of Mortgage which were recorded in the records of Huntingdon County, Pennsylvania at Record Book 894, Page 364 and Record Book 894, Page 366 respectively.

11. Debtor's position is that Bayview's January 22, 2008 Proof of Claim (1st Mortgage) significantly undervalues the secured amount of the first mortgage interest.

12. More specifically, Bayview's Proof of Claim fails to include "Prepayment Consideration" as defined in the Mortgage and Promissory Note to the extent that such

prepayment consideration is due and owing during the entire period encompassed by Debtor's Chapter 13 Plan.

13. Said Prepayment Consideration is specifically secured by the terms of the Mortgage and was calculated by M&T Bank to be $78,223.91 as of June 13, 2008 per the attached payoff statements. Debtor reasonably believes that this amount remains in excess of $70,000 to date.

14. Debtors position is that when the prepayment consideration is property factored and applied as a secured claim, the first mortgage balance equals or exceeds the value of the subject real estate whereby causing the second mortgage to be entirely unsecured.

15. Contemporaneously with the filing of the within adversary proceeding, Plaintiff/Debtor has filed an Objection to the January 22, 2008 Proof of Claim filed by Bayview Loan Servicing, LLC, asserting, *inter alia*, that Defendant has undervalued the secured portion of the first mortgage.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order declaring that the second mortgage of Bayview Loan Servicing, LLC is, in fact, an unsecured claim and not a lien on the real estate at 332-334 Moore Street, Huntingdon, Pennsylvania 16652, and for such other relief which is appropriate in light of that declaration.

Respectfully submitted,

BMZ Law

Date: February 20, 2009

/s/ James M. McClure, Esquire
James M. McClure
Supreme Court ID No. 80103
113 Fourth Street
Huntingdon, PA  16652
814/643-3555
Facsimile:  814/643-1173
Attorney for Debtor/Plaintiff

**CERTIFICATE OF SERVICE**

Certified, true and correct copies of the foregoing Complaint to Determine Secured Status Under 11 U.S.C. Section 506 were served on Bayview Loan Servicing LLC and Brad A. Lemmert to the addresses listed below, by sending same first class mail, postage prepaid on February 20, 2009

Bayview Loan Servicing, LLC
c/o Power Kirn, LLC
P.O. Box 848
Moorestown, NJ 08057

Brad A. Lemmert
332 Moore Street
Huntingdon, PA 16652

/s/James M. McClure
James M. McClure, Esquire